U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG - 4 2026
CLERK, U.S. DISTRICT COURT
By______
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.

JUSTIN ELDON KNOTTS (01)

No. 4:26-MJ-605

## CRIMINAL COMPLAINT

I, Marcus R. Watson, Affiant, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

**Alleged Offenses:**

**Abusive Sexual Contact on an Aircraft**
**(in violation of 18 U.S.C. § 2244(b) and 49 U.S.C. § 46506(1))**

On or about December 10, 2024, in the Fort Worth Division of the Northern District of Texas, the defendant, Justin Eldon Knotts, on an aircraft in the special aircraft jurisdiction of the United States, namely SkyWest flight number 6444, enroute from Springfield-Branson National Airport (SGF) to Dallas-Fort Worth International Airport (DFW), aircraft registration number N760SK, did knowingly engage in sexual contact with Victim 1, another person on board flight number 6444, without Victim 1's permission, with the intent to abuse, humiliate, harass, degrade, and arouse or gratify the sexual desire of any person, in violation of 18 U.S.C. § 2244(b) and 49 U.S.C. § 46506(1).[1]

[1] The Fifth Circuit does not have a pattern jury instruction for this charge, but the Seventh Circuit does. *See* Pattern Jury Instructions: Seventh Circuit (Criminal) at 892 (2023). The elements are (1) that "the defendant knowingly engaged in sexual contact with another person"; (2) "that the sexual contact occurred without that person's permission"; and (3) "that the offense was committed within the special maritime and territorial jurisdiction of the United States." *Id.* These elements are similar to the Fifth Circuit's pattern jury instructions for "sexual abuse—lack of consent" 18 U.S.C. § 2242(3), which state that the elements can be modified to instruct on the elements of abusive sexual contact. *See* Pattern Jury Instructions: Fifth Circuit (Criminal) § 2.17 (2024). Sexual contact means "intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(3).

**Abusive Sexual Contact on an Aircraft**
**(in violation of 18 U.S.C. § 2244(b) and 49 U.S.C. § 46506(1))**

On or about December 10, 2024, in the Fort Worth Division of the Northern District of Texas, the defendant, Justin Eldon Knotts, on an aircraft in the special aircraft jurisdiction of the United States, namely SkyWest flight number 6444, enroute from Springfield-Branson National Airport (SGF) to Dallas-Fort Worth International Airport (DFW), aircraft registration number N760SK, did knowingly engage in sexual contact with Victim 2, another person on board flight number 6444, without Victim 2's permission, with the intent to abuse, humiliate, harass, degrade, and arouse or gratify the sexual desire of any person, in violation of 18 U.S.C. § 2244(b) and 49 U.S.C. § 46506(1).

**Interference with a Flight Attendant by Assault and Intimidation**
**(in violation of 49 U.S.C. § 46504)**

On or about December 10, 2024, in the Fort Worth Division of the Northern District of Texas, the defendant, Justin Eldon Knotts, on an aircraft in the special aircraft jurisdiction of the United States, namely SkyWest flight number 6444, enroute from Springfield-Branson National Airport (SGF) to Dallas-Fort Worth International Airport (DFW), aircraft registration number N760SK, by assaulting and intimidating a flight attendant referred to herein as "Victim 2," interfered with the performance of the duties of flight attendant Victim 2 and lessened the ability of flight attendant Victim 2 to perform those duties, in violation of 49 U.S.C. § 46504.[2]

**Introduction and Agent Background**

1. I am employed as a Special Agent with the Federal Bureau of Investigation (FBI). I have been so employed since 2010, and I am currently assigned to the Dallas-Fort Worth International Airport (DFW) Resident Agency, which is a part of the FBI's Dallas

---

[2] The elements of the offense are (1) that the defendant was on an aircraft in the special aircraft jurisdiction of the United States; (2) that the defendant knowingly assaulted a flight attendant of the aircraft; and (3) that such assault interfered with the performance of the duties of the flight attendant of the aircraft or lessened the ability of the attendant to perform those duties. *See* Pattern Jury Instructions: Fifth Circuit (Criminal) § 2.111 (2024).

Division. My responsibilities include conducting investigations involving federal crimes aboard aircraft as well as federal crimes that occur within the DFW International Airport and Love Field properties. In the course of my career with the FBI, I have participated in the execution of search and arrest warrants and have been the Affiant of same. The statements set forth in this affidavit are the product of my personal observations, training, and experience, as well as information obtained from other law enforcement officers and witnesses. The facts presented are true and correct to the best of my knowledge and belief but are not inclusive of all the evidence or information involved with this case.

**Statement of Probable Cause**

2. On December 10, 2024, I was notified by the DFW Tactical Communications center of an inbound flight to DFW with a passenger onboard who inappropriately touched another passenger and a flight attendant. The flight was more fully identified as SkyWest flight number 6444, enroute from SGF to DFW, aircraft registration number N760SK. The flight was met by DFW Department of Public Safety (DPS) police officers, who conducted investigative interviews. Subsequent to an interview in which Knotts admitted to DPS that he consumed an alcoholic beverage mixed with his prescription medication (Diazepam 10mg), Knotts was arrested by DFW DPS for public intoxication.

3. I reviewed the DFW DPS officer bodycam video, which captured the initial interviews of passenger Victim 1 (initials of A.C.) and SkyWest flight attendant Victim 2 (initials G.C.), after which, I contacted A.C. and G.C. to confirm the statements they made to DFW DPS.

4. A.C.'s first interaction with Knotts occurred at an SGF airport bar. Knotts sat next to A.C. at the bar and would not leave her alone. During boarding, A.C. found out her assigned seat was next to Knotts. Knotts started touching A.C. after the cabin lights turned off during the flight's initial ascent. A.C. said Knotts touched her leg first; she pushed his hand away, but then Knotts got rougher and more invasive and sexual, groping her body—including her breasts, her groin, and her inner thighs—multiple times through her clothing before she was able to get the flight attendant's attention.

5. SkyWest flight attendant G.C. confirmed A.C. got her attention and asked to move seats because Knotts was groping her. G.C. witnessed Knotts touching A.C.'s inner thigh and subsequently moved A.C. to a new seat away from Knotts. After moving A.C. to a new seat, G.C. went to speak with Knotts. Knotts pretended to be asleep, only waking up after G.C. mentioned she was going to have to request medical assistance. G.C. asked Knotts if he was on any medication, and Knotts confirmed he had medication in his carry-on which helped him relax.

6. During drink service, G.C. felt Knotts brush the back of her thigh with his hand. G.C. initially dismissed the contact as accidental. G.C. asked Knotts if he wanted a drink, and Knotts responded by asking G.C. for her name and badge number. Knotts tried to take video of the interaction with his phone, but G.C. told Knotts videotaping crew was not allowed and put her hand up to block the phone. Knotts grabbed her wrist, and G.C. pulled away, telling Knotts he was not to touch anyone else on the flight or it would become a "federal issue." G.C. turned to continue drink service when Knotts slapped her on the butt, causing pain. G.C. said that after being slapped on the butt that she clenched

her fist in a fight-or-flight response, but she attempted to compose herself to continue with her duties. After completing drink service, G.C. called the flight deck to relay that she had been assaulted and that if Knotts touched her again, she would not be able to control herself.

7. G.C. relayed that after the plane was coming closer to arrival, Knotts attempted to change his appearance by switching from a cowboy hat to a baseball cap and by putting a jacket on over his clothing. While the plane was deboarding, Knotts told G.C. that they needed to "talk it out."

8. When interviewed after the assault, both G.C. and A.C. confirmed that they wanted charges brought against Knotts.

9. On February 5, 2025, I interviewed R.V. and D.V., a couple on SkyWest flight number 6444, who were seated directly across the aisle from Knotts. R.V. and D.V. saw Knotts drinking heavily at an SGF airport bar. Knotts was bothering a woman at the bar (A.C.) and ended up sitting next to her on the flight. After takeoff, both R.V. and D.V. both saw Knotts touch A.C. on the breast and legs.

10. The above incident occurred while the aircraft was "in flight" and in the "special aircraft jurisdiction of the United States," as defined by 49 U.S.C. § 46501.

**Conclusion**

Based upon the above facts and circumstances, there is probable cause to believe Justin Eldon Knotts did knowingly engage in Abusive Sexual Contact on an Aircraft in violation of 18 U.S.C. § 2244(b) by touching Victim 1 (A.C.) on the inner thigh, breasts, and groin through her clothing without her permission to gratify his sexual desire, and

that Knotts committed the same offense by touching Victim 2 (A.C.) on the inner thigh and buttocks without her permission to gratify Knotts's sexual desire and to degrade and humiliate Victim 2. There is further probable cause to believe that Knotts's assault of Victim 2 constitutes interference with a flight attendant by assault and intimidation, in violation of 49 U.S.C. § 46504.

Marcus R. Watson, Special Agent
Federal Bureau of Investigation

SWORN AND SUBSCRIBED before me at 11:25 a.m./p.m. on the 4th day of August, 2026, in Fort Worth, Texas.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE